## S09A0195. SPEARS v. THE STATE.

(671 SE2d 810)

HINES, Justice.

Dameion Timiah Spears appeals his conviction for malice murder in connection with the fatal shooting of Gregory Woods. His sole contention is that the evidence at trial was insufficient to support his conviction. Finding the evidence legally sufficient, we affirm.[1]

The evidence construed in favor of the verdict showed that on September 6, 2003, the Georgia Bureau of Investigaton ("GBI") was summoned to Stillmore in Emanuel County to investigate the death of Gregory Woods, whose body was found lying partially in a storm drain. Woods died of multiple gunshot wounds to the head. Seven days later, Spears went to the Swainsboro Police Department and stated that he "wanted to turn himself in." Spears was taken to the Emanuel County jail, where he related that he had shot Woods, left, and then returned and shot him again. Spears agreed to assist investigators in locating the pistol that he used in the shooting and that he had thrown away. He accompanied investigators to the spot where he believed he had thrown the murder weapon, but it was not recovered. The victim had been unarmed. Spears was interviewed by a GBI agent and he related the following: that he and Woods "was some kin about third or fourth cousin"; there had been some difficulty between them over a burglary; at about 11:00 p.m. on Friday, Spears had gone to his girlfriend's house in Stillmore, which was located behind where Woods's body was found, and he "tapped" on her window; after the girlfriend did not respond, Spears left and spied Woods sitting on the nearby curb; Woods was "just getting out of rehabilitation" and Spears believed that "something was wrong with him"; Woods said, "what's up Cuz?" and then Woods "flinched at" Spears; Spears shot at Woods three times, and Woods appeared to be hit; Spears ran home to get his mother's car and started to drive away, but then decided he should return to the scene of the shooting to check on Woods; when Spears returned to Woods, Spears heard sounds that made him believe that Woods was still alive, so Spears shot at him three more times; Spears fired at a closer range this second time so that Woods would not "get up no more"; Spears returned to his mother's house to call the police, but his mother refused to let him use the telephone; Spears left and drove toward

---

[1] The murder occurred on September 6, 2003. On October 27, 2003, an Emanuel County grand jury indicted Spears for malice murder. Spears was tried before a jury April 10-11, 2006, and found guilty of malice murder. He was sentenced to life in prison on April 11, 2006. A motion for new trial was filed on May 2, 2006, and the motion was denied on September 5, 2008. A notice of appeal was filed on September 30, 2008, and the case was docketed in this Court on October 15, 2008. The appeal was submitted for decision on December 8, 2008.

Metter, threw the pistol in the woods, tossed out bullets, and then went back to his mother's house; Spears parked his mother's car down a dirt road out of fear that his mother had called the police.

Spears's girlfriend testified that on the night of the murder, she heard taps on her window, assumed it was Spears because he had done that before, but she did not go to the window. Shortly thereafter, she heard gunshots, and the next morning, "there was somebody dead in [her] driveway." Other witnesses testified to hearing the gunshots in a time frame consistent with that related by Spears.

Although Spears contends that his conviction should be reversed because the evidence did not warrant it, he fails to specify how the evidence was deficient. However, in argument he cites the general proposition that criminal intent is necessary to sustain a conviction. Here, the evidence shows that Spears deliberately intended to kill Woods. Even if that was not the case,

> a malice murder can be shown not only by evidence that the defendant acted with the deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof, but also by evidence that the defendant acted where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart. In other words, evidence that the defendant acted with implied malice is, for purposes of demonstrating his guilt of the crime of malice murder, no less probative than proof that he acted with a specific intent to kill. Moreover, the malice which is required for murder can be formed in an instant so long as it is present at the time of the act of killing.

*Allen v. State*, 284 Ga. 310, 312 (1) (a) (667 SE2d 54) (2008). The evidence was sufficient to enable a rational trier of fact to find Spears guilty beyond a reasonable doubt of the malice murder of Gregory Woods. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 2009.

*Gabriel T. Cliett, Brandi D. Payne*, for appellant.
*William S. Askew, District Attorney, Thurbert E. Baker, Attorney General, Amy E. Hawkins Morelli, Assistant Attorney General*, for appellee.